PROSSER et al. v. MILLER.

(City Court of New York, General Term. January, 1902.)

WRITTEN CONTRACTS—PAROL EVIDENCE TO VARY.

At the request of defendant, plaintiffs advanced and paid the premium on a life policy, and received from him a written acknowledgment of the receipt of the policy and promise to pay such premium on a day stated. *Held*, in an action on such duebill, that evidence that it was agreed that he should be required to repay plaintiffs only in case he was able to make such payment on such day, where there was no claim of fraud or of want of consideration, was erroneously admitted.

Appeal from trial term.

Action by Seward Prosser and another against Henry W. Miller. From a judgment for defendant and from an order denying a new trial, plaintiffs appeal. Reversed.

Argued before O'DWYER, CONLAN, and HASCALL, JJ.

Hardy & Shellabarger (J. M. Shellabarger, of counsel), for appellants.

Daniel Seymour (Henry Parsons, of counsel), for respondent.

O'DWYER, J. The complaint alleges:

"That heretofore, and on or about the 25th day of February, 1901, plaintiffs, at the request of the defendant, paid and advanced, on defendant's behalf, to the Equitable Life Assurance Society of the United States, the sum of $169.40; said sum being the amount of semiannual premium upon a certain policy of life insurance which had been issued by said the Equitable Life Assurance Society of the United States to the defendant. That in consideration of the payment and advancement of moneys so made by plaintiffs, on behalf and at the request of defendant, as aforesaid, defendant promised to repay said moneys to plaintiffs on the 1st day of March, 1901; and that as evidence of and security for said indebtedness of defendant to plaintiffs, defendant made, executed and delivered to these plaintiffs his certain duebill for said sum of $169.40, which was payable on the 1st day of March, 1901. That plaintiffs duly demanded of defendant payment to them of the said sum of $169.40 on the 1st day of March, 1901, the date

when said indebtedness fell due, but that the defendant then refused, and still refuses, to pay said sum or any part thereof."

There is no denial of these allegations in the answer, but the defendant alleges for a separate defense:

"That the advance made and alleged in the complaint was upon the condition that defendant was to repay said sum only in case he was able to do so on March 1, 1901, and, if not able, the insurance policy was to be returned to plaintiffs, who agreed to have the same canceled. That defendant, on March 1, 1901, was unable to pay said premium of one hundred and sixty-nine $40/100$ dollars to the plaintiffs, and has delivered up said policy to the plaintiffs for cancellation, in accordance with the aforesaid agreement."

On the trial plaintiffs introduced the duebill, referred to in the third paragraph of the complaint, which is in form as follows:

"Policy No. 2,002,764 is in my hands with revenue stamps duly canceled. The first semiannual premiums thereunder I will pay on the
"First day of March, 1901.
.....................
"First day of April, 1901.
                                                    "Henry W. Miller.
                         "Henry W. Miller.
"$169.40."

The policy referred to in the duebill was also introduced by plaintiffs, who then rested, and thereupon the defendant, over objection and exception of the plaintiffs, was permitted to introduce evidence to the effect that prior to the delivery of the duebill and the advance by plaintiffs to the assurance company he had agreed with the plaintiffs that he was only to repay the sum so advanced if able to do so, and, if not able, the insurance policy was to be returned. The admission of this testimony was error which requires reversal of the judgment. The making of the duebill in writing and the consideration therefor is admitted, and the defendant may not, by oral testimony, qualify the liability stated in the written contract. There is no claim of fraud or want of consideration made with respect to that written contract, and, in the absence of such, testimony will not be admitted to vary the terms thereof. It was also error to admit as part of defendant's case the letter written by defendant to the plaintiffs after the cause was at issue. Judgment and order appealed from reversed and a new trial ordered, with costs to appellants to abide the event.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event. All concur.